**UNITED STATES v. LIPSHITZ.**
**No. Cr. 43152.**

United States District Court
E. D. New York.
Jan. 5, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for U. S.

Judd & Gurfein, New York City, by Murray I. Gurfein, New York City, of counsel, for defendant.

RAYFIEL, District Judge.

The defendant was indicted for the alleged evasion of part of his income tax for the calendar year ending December 31, 1946. He has moved to suppress certain evidence and for the return of certain records and documents described in the moving papers herein, and for inspection of the Grand Jury minutes and dismissal of the indictment.

He charges, in substance, that during the year 1949 Revenue Agent Obst, since deceased, called at the office of Louis Lipshitz Dress Company, of which defendant was a partner, for the purpose of making what appeared to be a "routine" examination of the partnership books and records; that instead of confining himself to such an examination he spent several months in an extensive investigation of said books and records, preparing excerpts therefrom, including the entire list of accounts receivable; that Obst's examination was made under the direction and instruction of Albert B. Potts, Jr., a member of the Intelli-

gence Unit of the Bureau of Internal Revenue, which was then investigating the 1946 income tax returns of the defendant with a view to criminal prosecution; that certain information obtained by Agent Obst, referred to in some detail in the defendant's affidavit, was used in the investigation conducted by Special Agent Potts. The defendant further states that at no time during the aforementioned examination was he informed that the Government was then engaged in conducting an investigation of his tax return with a possible criminal prosecution in view. It is his further contention that the said information, obtained, as he states, illegally and in contravention of his constitutional rights, forms substantially the entire basis of the charge against him and, hence, that the indictment should be dismissed.

Special Agent Potts, in his affidavit submitted in opposition to the motion, admits that in 1949 he requested Revenue Agent Obst to make a list of the "taxpayer's customers from his accounts receivable", and that at the time of such request the case against the defendant had been assigned to him for investigation; nor does he deny that at no time during Obst's examination of the books and records was the defendant informed that the Government was then engaged in conducting an investigation of his tax return. Potts denies categorically, however, that any of the information obtained from Agent Obst or from the books of account resulted in the production of evidence to establish the criminal liability charged in the indictment.

Such a disagreement in the facts, involving, as it does, the claim by the defendant that his constitutional rights were infringed, cannot be resolved on affidavits alone, more particularly since the Government has admitted that a Special Agent of the Intelligence Unit (Potts) had the defendant's tax return under investigation when he requested Obst to examine the taxpayer's books and records and prepare a list of its accounts receivable.

The defendant should have an opportunity to examine into the following:

1. The nature, extent and substance of the information collected by Obst as a result of his examination.

2. Whether preparations for or an investigation into a possible criminal prosecution of the defendant were then in progress.

3. The extent of the direct or derivative use, if any, of the information obtained by Obst in the criminal prosecution.

4. Whether the list of accounts receivable was the direct or derivative source of information relating to the Stanley account or other matters presented to the Grand Jury which returned the indictment herein.

Accordingly a hearing will be held, limited to the matters specifically referred to or implicit in this memorandum, at a time to be fixed by agreement between the United States Attorney and counsel for the defendant.