**UNITED STATES of America**

v.

**Louis LIPSHITZ.**

Cr. No. 43152.

United States District Court
E. D. New York.
Feb. 14, 1955.

Goldstein, Judd & Gurfein, New York City, By Murray I. Gurfein, New York City, for defendant.

RAYFIEL, District Judge.

The defendant, indicted for the attempted evasion of part of his income taxes for the calendar year 1946, moved for the suppression of evidence and the return of records and documents particularly described in the supporting affidavits, and for other relief referred to in the notice of motion.

In a memorandum dated January 5, 1954, D.C., 117 F.Supp. 466, the Court directed that a hearing be held on said motion, limited to four general matters or categories referred to in the memorandum, or implicit therein. The hearing has not yet been held.

The defendant now moves under Rules 16 and 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for the following relief:

Under Rule 16 he seeks an order directing the United States Attorney for the Eastern District of New York to permit him or his attorney to inspect and copy or photograph all books, papers, doucments, etc., obtained from or belonging to the defendant, or obtained from any other person, firm or corporation by seizure or process, and which relate to the matters to be examined into under the aforementioned memorandum of January 5, 1954.

Under Rule 17(c) the defendant asks for an order directing the said United States Attorney and the Regional Commissioner of Internal Revenue to produce before the Court prior to the said hearing, all the books, papers, documents, etc., designated in the subpoenas, dated January 24, 1955, and heretofore served on the said United States Attorney and Regional Commissioner, and permitting the defendant or his attorney to inspect the same.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., By Edgar G. Brisach, Brooklyn, N. Y., for the United States.

The arguments advanced and the cases cited in the Government's memorandum in opposition, United States v. Burdick,

3 Cir., 214 F.2d 768, 769; Montgomery v. United States, 5 Cir., 203 F.2d 887; Judge Clary's decision of January 11, 1955, modifying his decision in United States v. Guerrina, D.C., 112 F.Supp. 126, and others, have no relevancy to the instant motion. Rather, they should be addressed to the original motion to suppress, in the determination of which they will, of course, be considered.

The defendant, contending that the taking and use of the papers, documents and records was violative of his rights under the 4th and 5th amendments of the Constitution of the United States, seeks the inspection thereof for use at the hearing to support that contention.

Rule 16, supra, limits the inspection and copying or photographing to books, papers, documents, etc., obtained from or belonging to the defendant or obtained from others by seizure or process. It provides further, that they be designated, that they be material to the preparation of the defense, and that the request therefor be reasonable. None was specifically designated in the notice of motion herein, but on the original motion the defendant claimed, and the Government admitted, that a revenue agent, acting under the direction of a special agent of the intelligence unit of the Internal Revenue Department, had prepared a list of accounts receivable from his books and records without his knowledge and consent, and turned it over to the Government. It was also claimed, and not denied, that other lengthy and extensive extracts were made from said records, likewise without his knowledge and consent, and made available to the Government. Obviously, if such extracts were made without his knowledge and consent he could not be expected to know the nature and character thereof, and, hence, could not designate them.

■ I believe that the defendant's request for leave to make the inspection is reasonable and that the papers and documents sought may be material to the preparation of his defense. Accordingly, the United States Attorney will make available to the defendant or his attorney for inspection and copying or photographing the list of accounts receivable and the excerpts of the books and records hereinbefore referred to.

■ Save as aforementioned, no other papers or documents were specifically designated on the original or instant motions. Upon the argument of the instant motion, however, counsel for the defendant presented an informal memorandum setting forth in some detail the items of information sought for use at the hearing. Some of the items are not sufficiently specific for identification and hence cannot be granted. Virtually all of the remainder are denied because they appear to involve matters which constitute evidence which will or may be produced at the trial. If proper, access to and use of such documents will probably be granted to defendant's counsel by the trial judge.

Because of the nature and extent of the relief sought by the defendant in the original motion I request that the United States Attorney produce at the hearing for the Court's inspection, and for such use at the hearing as may be appropriate, those papers, records, and documents mentioned in the aforementioned informal memorandum which are in the possession or control of the Government. A copy of the pertinent portion of the memorandum will be made available to the United States Attorney simultaneously with the filing of this decision.

■ The subpoenas do not specify with sufficient particularity all of the papers and documents therein referred to, but the Government has failed to move to quash them, as provided by Rule 17(c), supra.

The United States Attorney and the Regional Commissioner of Internal Revenue will therefore produce at the hearing the papers, documents, reports, etc., mentioned in said subpoenas which are in their possession or control for such use only as the Court may deem proper and in conformity with its decision of January 5, 1954.